IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AHAYA S. FRYSINGER; KAZUKO A. FRYSINGER ) ) ) Plaintiffs, ) ) vs. ) ) LESLIE MITCHELL (MERRILL) ) ) Defendant. ) ) ) ) ) _____ ) | CIVIL NO. 22-00049 SOM-RT ORDER GRANTING DEFENDANT LESLIE MITCHELL'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

**ORDER GRANTING DEFENDANT LESLIE MITCHELL'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.        INTRODUCTION AND BACKGROUND.**

Plaintiff Ahaya S. Frysinger ("Frysinger") is a student at the University of Hawaii at Manoa. According to the complaint, on November 30, 2021, Frysinger received a "false accusation [of] academic dishonesty," an accusation that was apparently made by Defendant Leslie Mitchell. ECF No. 1, PageID # 4. Mitchell is the Interim Director of the University's Office of Student Conduct. *Id.* at 2. Mitchell purportedly repeated those assertions during a Zoom meeting on December 9, 2021. *Id.* Based on those allegations, Plaintiffs[1] have brought a "tort action for defamation/libel." *Id.* at 3.

---

[1] The Complaint also names Kazuko A. Frysinger as a plaintiff. However, the complaint does not otherwise mention Kazuko, so this court cannot determine Kazuko's relationship to either Frysinger or the defamation claims at issue.

Mitchell now moves to dismiss the complaint on the ground that this court lacks jurisdiction because Plaintiff has failed to adequately allege a basis for federal jurisdiction. Plaintiffs do not oppose the motion, and, in any event, this court agrees that it lacks jurisdiction. The parties are not diverse, and the complaint does not clearly identify a federal question implicated by Plaintiffs' claims. The motion to dismiss is granted without prejudice.

**II.     LEGAL STANDARD.**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Defendants appear to be bringing a facial attack. In deciding such a motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts "do not accept legal conclusions in the complaint as true,

even if 'cast in the form of factual allegations.'" *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

**III.    ANALYSIS.**

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & HCorp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for subject matter jurisdiction over federal questions, and Section 1332 provides for subject matter jurisdiction over diversity actions." *Gaspard v. Toms*, 2019 WL 2123589, at *2 (N.D. Cal. May 15, 2019). Here, the complaint fails to invoke the court's subject matter jurisdiction because it neither establishes that this action may be brought under diversity jurisdiction nor raises a federal question.

As to diversity jurisdiction, the parties are not diverse. The complaint alleges that all of the parties reside in the State of Hawaii. ECF No. 1, PageID # 1-2. Nothing in the complaint suggests that the parties' citizenships are diverse.

As to federal question jurisdiction, "[f]ederal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support . . . federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn*, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007).

The complaint asserts that this case involves a federal question because it involves a "tort action for defamation/libel" and "educational rights."  ECF No. 1, PageID # 3.  It is not clear from either statement what specific federal law Plaintiffs believe is at issue.  "[W]ithout citing a particular statutory provision the court (and the Defendant) c[an] only speculate as to the basis of jurisdiction and the cause of action being raised."  *Smith v. United Parcel Serv.*, 2014 WL 2115154, at *3 (D. Haw. May 21, 2014).  In short, plaintiffs' allegations are too vague to meet their burden of pleading the existence of a federal question.  Because the complaint has failed to allege that this court has subject matter jurisdiction, Mitchell's motion to dismiss is granted.

**IV.      CONCLUSION.**

Mitchell's motion to dismiss is granted.  The complaint is dismissed without prejudice.  Plaintiffs may file an amended complaint by July 15, 2022.  If Plaintiffs choose not to file an amended complaint by the deadline, judgment will be entered in favor of Mitchell, which will not prevent Plaintiffs from seeking relief in state court (although this court is not indicating that relief is or is not available in state court).

Mail sent to the address Plaintiffs listed in the complaint has been returned as undeliverable.  The court therefore notes that this order is being sent to Plaintiffs

through both United States mail and email, as was the earlier minute order extending Plaintiffs' deadline to file an opposition to the present motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Frysinger v. Mitchell*, Civ. No. 22-00049 SOM-RT; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS.