```
          IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF HAWAII

AHAYA S. FRYSINGER; KAZUKO A.  )   CIVIL NO. 22-00049 SOM-RT
FRYSINGER                      )
                               )
          Plaintiffs,          )
                               )
    vs.                        )   ORDER GRANTING DEFENDANT
                               )   LESLIE MITCHELL'S MOTION TO
LESLIE MITCHELL (MERRILL)      )   DISMISS FOR LACK OF SUBJECT
                               )   MATTER JURISDICTION
          Defendant.           )
                               )
                               )
                               )
_____)
```

**ORDER GRANTING DEFENDANT LESLIE MITCHELL'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.      INTRODUCTION AND BACKGROUND.**

At the time of filing, Plaintiff Ahaya Frysinger was a student at the University of Hawaii at Manoa. Defendant Leslie Mitchell was the Interim Director of the University of Hawaii's Office of Student Conduct. Frysinger alleges that, in late 2021, Mitchell falsely accused her of academic dishonesty. Based on this alleged offense and the consequences that followed, Ahaya Frysinger and her mother, Kazuko Frysinger, sued Mitchell.[1]

---

[1] In both the original and amended complaint, the Plaintiffs identified the Defendant as "Leslie Mitchell (Merrill)". But there is no information on the record concerning whether "Merrill" is, in fact, a part of Mitchell's name. Unless and until further information is provided, this court will refer to the Defendant as "Leslie Mitchell".

Mitchell moved to dismiss Ahaya and Kazuko Frysinger's ("Plaintiffs") initial Complaint for lack of subject matter jurisdiction.  ECF No. 14.  This court granted the motion.  ECF No. 31.  In its order, this court explained that the parties are not diverse, and that, by failing to assert any claim even impliedly falling under a federal statute or constitutional clause, the Frysingers had not raised a federal question.  ECF No. 31, PageID # 70-74.  Accordingly, the court granted the motion to dismiss but stated that the Frysingers could file an Amended Complaint.  ECF No. 31.

On July 7, 2022, the Frysingers filed an Amended Complaint.  ECF No. 34.  Mitchell filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction.  ECF No. 35.  The Frysingers filed no opposition to the motion.

During the hearing on Mitchell's motion to dismiss, the Frysingers said they had recently become citizens of Florida. They argued that their change of citizenship gave the court diversity jurisdiction over the case.  This court invited both parties to submit briefs concerning whether the court had diversity jurisdiction.  Both parties submitted briefs.
ECF Nos.  43 & 45.

Having considered the supplemental briefs, the court grants Mitchell's motion to dismiss and declines to grant the

Frysingers leave to file a Second Amended Complaint. The Clerk of Court is directed to enter judgment in favor of Mitchell and to close this case.

**II.     LEGAL STANDARD.**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Mitchell shows a lack of subject matter jurisdiction whether her challenge is deemed a facial or factual attack. With a facial attack, a court must assume the facts alleged in a complaint to be true and construe them in the light most favorable to the nonmoving party. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). When a complaint includes legal conclusions, they are not accepted as true "even if 'cast in the form of factual allegations.'" *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014)

3

(emphasis in original) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

With a factual attack, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. Rather, the court can consider extrinsic evidence to determine whether there is subject matter jurisdiction over the case. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

**III.    ANALYSIS.**

The Frysingers' Amended Complaint includes allegations more detailed than those provided in the original Complaint. *Compare* ECF No. 34 *with* ECF No. 1. However, like the original Complaint, the Amended Complaint fails to address subject matter jurisdiction. *See* ECF No. 34.

During the hearing on the motion to dismiss, the Frysingers claimed, for the first time, that they had recently become citizens of Florida and that, as a result, the court had diversity jurisdiction over the case. This is incorrect. Even if the Frysingers have changed their citizenship since filing this action, this court continues to lack jurisdiction. Because of this, and because the Frysingers have failed to allege any other proper basis of subject matter jurisdiction, the court grants Mitchell's motion to dismiss.

### A. The Court Lacks Diversity Jurisdiction Because the Parties Were Not Diverse at the Time of Filing.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & HCorp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Id*. (Internal brackets and quotations omitted). Here, the Complaint fails to invoke the court's subject matter jurisdiction because it neither establishes that this action may be brought under diversity jurisdiction nor raises a federal question.

A federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.§ 1332(a)(1). "It is well-settled that the existence of complete diversity is assessed at the time of the filing of a complaint and that subsequent changes in the citizenship of an existing party do not affect the determination of jurisdiction." *See In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 809-10 (9th Cir. 1992) *citing Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957).

During the motion hearing and supplemental briefing, the Frysingers asserted that their recent change of citizenship

(from Hawaii to Florida) meant that the parties had diverse citizenship. *See* ECF No. 43, PageID # 214. This is incorrect.

The Frysingers do not dispute that they were citizens of Hawaii when they filed their original Complaint. During the motion hearing, they confirmed that they had no claim to Florida citizenship at that time.

Any change of citizenship after the Frysingers filed the original Complaint has no bearing on this court's jurisdiction. *See Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) ("Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not . . . after the action is commenced.").

It is not clear when the Frysingers moved to Florida, but even if it happened before they filed the Amended Complaint, diversity jurisdiction would still be lacking. While an amended complaint can fix defective allegations of jurisdiction made in prior complaints, it cannot create jurisdiction if none existed earlier. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (finding that amended complaints cannot "produce jurisdiction where none actually existed before"); *see also* 32A Am. Jur. 2d Federal Courts § 806 (amended complaints can cure

6

"defective allegations of jurisdiction, but do[] not provide a remedy for defective jurisdiction").

The record is clear that all parties were citizens of the same state at the time of filing. Accordingly, the court lacks diversity jurisdiction over this case.[2]

### B. The Complaint Does Not Raise a Federal Question.

In the absence of diversity jurisdiction, this court has subject matter jurisdiction only if this case raises a federal question.

Under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Barnett v. Cass*, 522 F. Supp. 3d 780, 783 (D. Haw. 2021) (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The Frysingers' Amended Complaint raises no federal question. This court therefore lacks federal question jurisdiction over this case.

---

[2] The Frysingers have argued that the amount in controversy exceeds $75,000. *See* ECF No. 43, PageID # 210-13. Even if that is so (which this court is not deciding), the Frysingers still could not establish diversity jurisdiction. Complete diversity of citizenship *and* an adequate amount in controversy are both required. 28 U.S.C. § 1332. Because there was no diversity of citizenship at the time of filing, no amount in controversy can cure the court's lack of diversity jurisdiction over this matter.

The Amended Complaint refers to the Family Educational Rights and Privacy Act ("FERPA").  ECF No. 34, PageID # 93.  The statutory reference, however, is not the basis for a claim against Mitchell.  Rather, the reference is part of the description of Ahaya Frysinger's acquisition of her academic transcript from the University's Office of Registration.  *Id.* ("Based on my academic right/FERPA, I claimed the right to receive my transcript for classes that I already paid for.").  Because FERPA is not material to the conflict between the parties, it cannot give rise to federal question jurisdiction.  *Cf. Precision Pay Phones v. Qwest Commc'ns Corp.*, 210 F. Supp. 2d 1106, 1117 (N.D. Cal. 2002) (determining that federal question jurisdiction is absent when the relevant federal statute is not sufficiently central to the conflict between the parties).

The court could still have federal question jurisdiction if a claim arose out of federal law, even if no federal law was mentioned.  Frysingers' allegations do not, however, implicate federal law.  *See generally* ECF No. 34.  The Frysingers refer to "defamation" and "libel" and to "negligence" throughout the Amended Complaint.  *See id.* at PageID # 82–83 ("Ms. Mitchell falsely defamed me as academically dishonest . . . ."); *see also id.* at PageID # 83 ("Below, I will list out specific events of Ms. Mitchell's academic right violations and

8

libel against me."); *id*. at PageID # 85 ("I lost credit for Physics lab (zero credit) as a result of negligence of my academic integrity case from Leslie Mitchell."). The Frysingers may also have been alleging infliction of emotional distress. *See id.* at PageID # 95 (discussing "severe stress").

These matters fall under state law. *See, e.g.*, *CMM-CM, LLC v. DeSalvio*, 2018 WL 4962638, at *2 (D. Nev. Oct. 15, 2018) ("Defamation claims are governed by state law."); *Emrit v. Soc. Sec. Admin.*, 2015 WL 1862785, at *5 (D. Nev. Apr. 22, 2015) ("The Complaint alleges claims for negligence and intentional infliction of emotional distress against the SSA, both of which are tort claims that arise under state law."); *Mayes v. Wells Fargo Bank*, 2012 WL 12897433, at *1 (C.D. Cal. Aug. 1, 2012) ("An action for libel arises under state law."). No claim by the Frysingers provides any basis for federal question jurisdiction.

The court recognizes that the Amended Complaint also repeatedly mentions alleged violations of Ahaya Frysinger's "academic rights." *See generally* ECF No. 34. These allegations appear to derive from the Frysingers' defamation claim. *See* ECF No. 34, PageID # 95 (alleging that Mitchell violated Ahaya Frysinger's "academic rights, presumption of innocence, education, and future career by the defamatory statement"). In any event, the court cannot discern a federal statutory or

9

constitutional basis for any "academic right" that they contend Mitchell violated.

The Frysingers advance claims that arise under state law.  Accordingly, this court lacks federal question jurisdiction over this case.

## IV.	CONCLUSION.

The record does not establish that this court has subject matter jurisdiction.  Mitchell's motion to dismiss is granted, and the Frysingers' case is dismissed.  The Clerk of Court is directed to enter judgment in favor of Mitchell and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 1, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Frysinger v. Mitchell*, Civ. No. 22-00049 SOM-RT; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS.